STATE BOARD OF OSTEOPATHY — PER DIEM Title 74 O.S. 500.1 [74-500.1] (1973) et seq. applies to all state agencies, boards, commissions, and departments, including the State Board of Osteopathy. The authorized mileage and per diem allowance for members of the State Board of Osteopathy for traveling to and from Board meetings are those allowed by 74 O.S. 500.4 [74-500.4] and 74 O.S. 500.8 [74-500.8] (1973). There is no requirement that the Board members attend meetings in order to receive the compensation allowed to them by the bylaws of the Board. Title 62 O.S. 211 [62-211] (1971) applies to the State Board of Osteopathy. Title 62 O.S. 7.1 [62-7.1] (1973) applies to all agencies, boards, commissions and departments, including the State Board of Osteopathy. Pursuant to 59 O.S. 624 [59-624] (1971), the Board shall pay into the State Treasury the balance of all funds remaining at the end of the fiscal year. The Attorney General is in receipt of your letter wherein you ask the following questions regarding the State Board of Osteopathy: 1. Are the members of said Board and their personnel subject to the provisions of the State Travel Reimbursement Act set forth in 74 O.S. 500.1 [74-500.1] (1973) et seq.? 2. What per diem and mileage is authorized by law to be paid to the Board members and rate of mileage for travel to and from said meetings? 3. Are said Board members authorized to be paid compensation when not in attendance at said Board meetings? 4. Is said Board required to pay into the State Treasury the 10% of the fees collected as set forth in 62 O.S. 211 [62-211] (1971)? 5. Must said Board comply with the provisions of 62 O.S. 7.1 [62-7.1] (1971)? 6. Should said Board have paid into the State Treasury any cash balance on hand at the end of each fiscal year? For purposes of this opinion, questions one and two will be combined and answered together. The particular statute that is pertinent to these questions provides as follows: 74 O.S. 500.18 [74-500.18] (1973): "The provisions of this act shall be mandatory as to all officials and employees of all departments, boards, commissions and institutions of the State of Oklahoma, regardless of the provisions of any other prior act of the Legislature. The enactment of any measure in the future providing for travel reimbursement of state officers and employees on the basis of 'actual and necessary' expenses or in any other manner inconsistent with this act shall be deemed to provide for reimbursement in accordance with this act unless a contrary intent is explicitly expressed. This act shall not apply, however, to travel reimbursements made by political subdivisions of this state." The above statute provides in clear and unambiguous language that all state boards are subject to the State Travel Reimbursement Act, found at 74 O.S. 500.1 [74-500.1] (1973) et seq., unless another provision specifically provides otherwise. The Oklahoma Osteopathic Act, found at 59 O.S. 621 [59-621] (1971) et seq., contains no provision which expresses an intent to exclude the State Board of Osteopathy from the penumbra of the State Travel Reimbursement Act. Therefore, your first question should be answered in the affirmative. As a result thereof, your second question, asking for the authorized mileage and per diem allowance for members of the State Board of Osteopathy for traveling to and from Board meetings, will be answered in accordance with 500.4 and 500.8 of the Act. These two sections are clear in purport and need no additional elucidation. Your third question asks whether Board members are authorized to be paid compensation when not in attendance at Board meetings. The relevant provision is 59 O.S. 624 [59-624] (1971) set forth in part as follows: ". . . The compensation of examiners shall be fixed by the bylaws of said Board, but in no case shall exceed the fees collected from applicants, and shall be paid from said fees, and all sums of money derived from said fees remaining in the hands of the Board after the payment of such compensation shall be paid to the State Treasurer before the end of each fiscal year." Pursuant to the above provision, Board members are to be compensated according to the bylaws of the Board. There is only one restriction on this provision. The compensation paid to all the Board members must not exceed the fees collected from applicants for the Osteopathic licensing examination. Unless the bylaws of the State Board of Osteopathy provide otherwise, there is no requirement that members of the Board be compensated on a per diem basis, according to the number of Board meetings attended. Therefore, your third question should be answered as follows: Pursuant to 59 O.S. 624 [59-624] (1971), the bylaws of the State Board of Osteopathy will fix the compensation for members of the Board; provided, however, that such compensation does not exceed the fees collected from applicants. There is nothing in this section that makes payment of compensation conditional on attendance at meetings. Your fourth question asks whether the Board is required to pay into the State Treasury 10 of all fees collected by the Board. The pertinent provision is 62 O.S. 211 [62-211] (1971), which provides as follows: "All self-sustaining boards created by statute to regulate and prescribe standards, practices, and procedures in any profession, occupation or vocation, shall at the close of each fiscal year hereafter file with the Governor and the State Auditor a true and correct report of all fees charged, collected and received during the previous fiscal year and shall pay into the general revenue fund of the State ten per cent (10%) of the gross fees so charged, collected and received by such board." The above statute is made applicable, without exception, to all self sustaining boards created to regulate and prescribe standards for a professional group. Thus, this statute clearly pertains to the State Board of Osteopathy. Therefore, your fourth question should be answered in the affirmative. The State Board of Osteopathy must comply with all the provisions of 62 O.S. 211 [62-211] (1971), including the requirement to pay into the State Treasury 10% of all fees collected. Your fifth question asks whether the State Board of Osteopathy must comply with the provisions of 62 O.S. 7.1 [62-7.1] (1973). That statute reads in part as follows: "A. There is hereby created in the official depository in the State Treasury an agency clearing account for each state officer, department, board, commission, institution or agency of the state, hereinafter referred to collectively as state agencies. "B. It shall be the duty of each state agency, officer or employee, to deposit daily in the agency clearing account, or agency this special account, established under Section 17 of this act, all monies of every kind, including but not limited to: . . ." This provision in 62 O.S. 7.1 [62-7.1] (1973) can only be construed to mean that 7.1 will apply to all state agencies, without exception. Nothing in the Oklahoma Osteopathic Act expresses a contrary intent. Therefore, your fifth question would be answered in the affirmative. Your sixth question asks whether the Board should have paid into the State Treasury any cash balance on hand at the end of each fiscal year. The relevant provision is that part of 59 O.S. 624 [59-624] (1971), which was set forth earlier in response to question number two. That particular provision must be read in conjunction with other provisions pertaining to the allocation of funds received by the State Board of Osteopathy. As discussed earlier, 62 O.S. 211 [62-211] (1971) requires the Board to pay into the State Treasury 10% of all the fees collected by the Board each year. Further, 59 O.S. 1971 643 [59-643] makes provision for the use of all funds from re-registration fees collected by the Board pursuant to 59 O.S. 641 [59-641] (1971). Fifty percent of the money received from this source shall be used in paying for the annual education program of the State Osteopathic Association. The balance is used by the Board to disseminate information relating to the enforcement laws pertaining to the practice of Osteopathy, and to purchase necessary supplies and defray expenses. The remainder of the funds, pursuant to 59 O.S. 624 [59-624] (1971) will either be paid as compensation to the members of the State Board of Osteopathy or paid into the State Treasury. Section 624 states that the compensation of the Board remaining in the hands of the Board after the compensatory distribution according to the bylaws, to be paid into the State Treasury. It is, therefore, the opinion of the Attorney General that your sixth question should be answered as follows. The State Board of Osteopathy, at the end of each fiscal year, after allocating the funds received by said Board according to the provisions of the Oklahoma Statutes set forth above, including the provisions regarding compensation of the Board members, must pay any remaining sum of money into the State Treasury. It is the opinion of the Attorney General that your first question be answered in the affirmative in that 74 O.S. 500.1 [74-500.1] (1973) et seq. applies to all state agencies, boards, commissions, and departments, including the State Board of Osteopathy. It is the opinion of the Attorney General that your second question be answered as follows: The authorized mileage and per diem allowance for members of the State Board of Osteopathy for traveling to and from Board meetings are those allowed by 74 O.S. 500.4 [74-500.4] and 74 O.S. 500.8 [74-500.8] (1973). It is the opinion of the Attorney General that your third question be answered in the affirmative in that there is no requirement that the Board members attend meetings in order to receive the compensation allowed to them by the bylaws of the Board. It is the opinion of the Attorney General that your fourth question be answered in the affirmative in that 62 O.S. 211 [62-211] (1971) applies to the State Board of Osteopathy. It is the opinion of the Attorney General that your fifth question be answered in the affirmative in that 62 O.S. 7.1 [62-7.1] (1973) applies to all agencies, boards, commissions and departments, including the State Board of Osteopathy. It is the opinion of the Attorney General that your sixth question be answered in the affirmative in that pursuant to 59 O.S. 624 [59-624] (1971), the Board shall pay into the State Treasury the balance of all funds remaining at the end of the fiscal year. (Todd Markum)